**FILED**
**U.S. District Court**
**District of Kansas**
03/13/2026
**Clerk, U.S. District Court**
By:__MV__**Deputy Clerk**

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **v.**                **CASE NO. 26-M-** 6067-01-BGS

MARCUS S. CASTILLO,

        **Defendant.**

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about February 26, 2026, in the District of Kansas, the defendant,

**MARCUS S. CASTILLO,**

knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 2

### POSSESSION OF A FIREARM IN FURTHERANCE OF
### A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)(1)(A)]

On or about February 26, 2026, in the District of Kansas, the defendant,

**MARCUS S. CASTILLO,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance or distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

I further state that I am a Task Force Officer of Homeland Security Investigations, and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein and offered in support of a finding that probable cause exists to believe the defendant, Marcus Castillo, committed the offenses set forth in this Complaint.

Kevin D. Real
Task Force Officer
Homeland Security Investigations

Sworn to me via Zoom this 13th day of March, 2026, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, MARCUS CASTILLO, committed the offenses set forth in this Complaint.

Brooks G. Severson
United States Magistrate Judge

Signature of Judicial Officer

2

## PENALTIES

**Count 1  [841(b)(1)(B)]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 2: 18 U.S.C. § 924(c)(1)(A)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

3

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**AFFIDAVIT**

COMES NOW, the undersigned and being of lawful age and having been first duly sworn, does hereby state as follows:

I, Kevin D. Real, am a Detective with the Wichita (Kansas) Police Department (WPD) and a Task Force Officer with the Department of Homeland Security – Homeland Security Investigations. Based on information known to Affiant and information provided to Affiant by other law enforcement officers, the following is believed to be true and correct.

In January and February 2026, Affiant, while acting in an undercover capacity, purchased one pound of methamphetamine from Marcus S. Castillo on three separate occasions. All three one-pound purchases occurred in Wichita, Kansas.

On the early morning of February 26, 2026, WPD surveillance units followed Castillo's brown Toyota Camry four-door vehicle from Castillo's place of business to the QuikTrip convenience store at 1500 S. Maize Road, Wichita, Kansas. Castillo entered the QuikTrip store. Castillo soon exited the QuikTrip and walked back toward his Toyota. Uniformed WPD Officers Richard Kuhnke and Bailey Quick made contact with Castillo as he was standing on the driver side of his Toyota. Castillo was taken into custody and placed under arrest for the aforementioned methamphetamine distribution occasions. As Officer Kuhnke took Castillo into custody, he could smell the odor of marijuana coming from the Toyota. During a search of the Toyota, the officers located a marijuana roach on the front passenger seat, a SCCY Industries 9mm handgun bearing serial number C264143 under the driver floormat, and a baggie containing a small amount of marijuana under the driver seat. A multi-colored plaid jacket was located on the front passenger seat. Three bags of crystal substance that the officers believed to be methamphetamine were located inside one of the jacket pockets. A sample of the substance later

field-tested positive for the presence of methamphetamine. The three baggies of crystal substance were found to have a weight of approx. 13 ounces. Additional marijuana and paraphernalia were also located in the vehicle, as were what the officers believed to be drug ledgers. Mail addressed to Castillo was also located in the Toyota.

From his prior training and work experience, as well as from his knowledge of Castillo during this ongoing investigation, Affiant believes that the amount of methamphetamine located in the Toyota was intended for distribution, as opposed to for personal use. Affiant also knows from his prior training and work experience that those involved in drug distribution often have firearms on their person, or in close proximity to their person, and that they use said firearms in furtherance of their drug distribution. Affiant knows that drug distributors will often use firearms as protection from those who might try to rob them of their drugs and/or money. Drug distributors also use firearms to intimidate others who owe them money from drug debts.

**Further your Affiant saith not.**

Kevin D. Real
Task Force Officer/Detective
Homeland Security Investigations/Wichita Police
Department

Sworn to me via Zoom this 13th day of March, 2026, at Wichita, Kansas.

Brooks G. Severson
United States Magistrate Judge
District of Kansas

2